UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| SIR EDWARD THOMAS, SR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:14-cv-581-REP |
| CORRECT CARE SOLUTIONS, LLC, | ) ) ) |
| Defendant. | ) |

CORRECT CARE SOLUTIONS, LLC'S
BRIEF IN SUPPORT OF MOTION TO DISMISS

CORRECT CARE SOLUTIONS, LLC ("CCS"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Local Rule 7, submits this brief in support of its motion to dismiss Count III of the Complaint.

Introduction

This is a section 1983 civil rights action arising out of medical care provided by CCS to Mr. Thomas during his incarceration at the Richmond City Jail. CCS requests that the Court dismiss Count III of the Complaint on two grounds: (1) Count III, which alleges a state law medical negligence cause of action, fails to state a claim for which relief may be granted based on Mr. Thomas' failure to plead that he exhausted all available administrative remedies before filing suit as required by Va. Code § 8.01-243.2; and (2) Count III also is time-barred by the statute of limitations set forth in Va. Code § 8.01-243.2. The Court, therefore, should dismiss Count III of the Complaint with prejudice.

Background

According to the Complaint, Mr. Thomas was incarcerated at the Richmond City Jail from October 8, 2011 to April 22, 2012. Compl. ¶14. When he was first admitted to the jail, Mr.

Thomas completed a medical history form in which he claimed to have pre-existing back injuries. *Id.* at ¶16. Because of pain that Mr. Thomas claimed to have from these back injuries, he was able to get pain medication prescriptions prior to his entry into the jail to serve his sentence. *Id.* at ¶¶17, 23.

Mr. Thomas claims that during the month of February 2012, CCS did not give him his prescription medications. *Id.* at ¶¶38-39. He claims that this led to him falling out of his bed and onto his toilet on February 19, 2012. *Id.* He claims to have sustained soft-tissue injuries as a result of this fall. *Id.* at ¶59.

Mr. Thomas alleges that this constituted "cruel and unusual punishment" and, therefore, asserts as Count I a claim for violation of 42 U.S.C. § 1983 for which he seeks $1 million. *Id.* at ¶¶72-78. Count II is a request for punitive damages and seeks another $1 million. *Id.* at ¶79. Lastly, Count III is a state law medical malpractice claim for which he seeks $1 million. *Id.* at ¶¶80-90.

Over the six months of his incarceration, Mr. Thomas claims that he submitted three grievances to the jail. *See* Compl. Exhs. 11, 15 & 26. He, however, fails to allege in the Complaint that he exhausted all available administrative remedies before filing this lawsuit. Below is a summary of the grievances as described by Mr. Thomas in the Complaint:

- December 23, 2011: Mr. Thomas purportedly filed a grievance with the jail allegedly complaining that his medications had been provided to him "crushed in a pouch." *Id.* at ¶27-28; Compl. Exh. 11.

- February 9, 2012: Mr. Thomas allegedly filed another grievance apparently following up on his request to be sent to MCV following a different back injury he claimed to have sustained in the jail that is not the subject of this lawsuit. *Id.* at ¶33; Compl. Exh. 15.

- March 3, 2012: Mr. Thomas purportedly filed a third grievance stating that his prior grievances and complaints had gone unanswered or unresolved, that some of his medications had not been ordered and that he had injured his "head and spine." *Id.* at ¶¶48-49; Compl. Exh. 26.

The Richmond City Jail, however, has no record of these grievances ever having been submitted. *See* Aff. of D. Goodall (Sept. 25, 2014), attached as Exhibit A. Indeed, the documents that Mr. Thomas attached to his Complaint fail to bear any of the markings of authenticity that the jail uses to differentiate between legitimate grievances properly submitted to the jail, and those that are fabricated after the fact once an inmate is discharged from incarceration. *See id.*

## Legal Standard

Rule 12(b)(6) allows a court to dismiss those allegations which fail "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). A court reviewing a complaint on a Rule 12(b)(6) motion must accept well-pleaded allegations as true and must construe factual allegations in favor of the plaintiff. *See Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994).

In addition to the complaint, the court may consider documents integral to and explicitly relied on in the complaint if a party does not challenge their authenticity. *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004). Further, "[i]n the Eastern District of Virginia, when a plaintiff fails to introduce a pertinent document as part of his complaint the defendant may attach the document to a motion to dismiss the complaint and the court may consider the same without converting the motion to one for Summary Judgment." *Davis v. George Mason Univ.*, 395 F. Supp. 2d 331, 335 (E.D. Va. 2005).

Argument

I. The Complaint Fails to Allege that Thomas Exhausted All Administrative Remedies and Therefore His State Law Negligence Claim in Count III Fails to State a Claim.

Section 8.01-243.2 of the Virginia Code states that "[n]o person confined in a state or local correctional facility shall bring or have brought on his behalf any personal action relating to the conditions of his confinement until all available administrative remedies are exhausted." Va. Code § 8.01-243.2.

Here, Count III of the Complaint is a state law personal injury action based on alleged negligent medical treatment that Mr. Thomas received during his confinement. *Wilson v. Seiter*, 501 U.S. 294, 303 (1991) (stating medical care is a condition of confinement); *Patten v. Nichols*, 274 F.3d 829, 846 (4th Cir. 2001) (same). Therefore, the provision of Va. Code § 8.01-243.2 requiring that Mr. Thomas have first exhausted all available administrative remedies before filing suit applies. *Lucas v. Woody*, 287 Va. 354, 361, 756 S.E.2d 447, 449 (2014) (holding Va. Code § 8.01-243.2 applies to all personal actions relating to conditions of confinement regardless of whether the plaintiff is still incarcerated at the time the action is filed).

Mr. Thomas, however, failed to allege in the Complaint that he, in fact, exhausted all available administrative remedies. *Mirror Ridge Homeowners Ass'n v. Loudoun County Bd. of Supervisors*, 51 Va. Cir. 406, 408 (2000) (dismissing claim based on plaintiff's failure to allege in the complaint that available administrative remedies had been exhausted before filing suit). Instead, he simply attached to his Complaint what he alleged to be the grievances that he filed with the jail during his incarceration. That is insufficient to adequately plead that Mr. Thomas exhausted all available administrative remedies. *See id.*

Further, even if the Court were to consider those grievances attached to the Complaint as satisfying Mr. Thomas' pleading requirements, it has come to light that those grievances were

4

never actually submitted by Mr. Thomas to anyone at the jail and instead appear to have been fabricated after the fact. Exh. A, Aff. of D. Goodall ¶¶3-4, 11-12; *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (stating a court may consider documents relied on in the complaint when deciding a motion to dismiss unless a party challenges their authenticity).

Indeed, the Grievance Coordinator at the jail, Capt. Daniel Goodall, who has reviewed the jail's records, avers that the jail maintains the originals of all grievances submitted by inmates and that none of the those grievances attached to Mr. Thomas' Complaint exist in the jail's records. *Id.* at ¶¶3-4. In addition, having reviewed the purported grievances attached to the Complaint, Capt. Goodall avers that those documents fail to bear any of the markings of authenticity that would demonstrate that they had ever been submitted to the jail. *Id.* at ¶¶6-9. Specifically, at the time of Mr. Thomas' incarceration, inmate grievances were date-stamped and signed by jail personnel when received, a log book number was written on the form and then a copy was returned to the inmate. *Id.* at ¶6-8. A notation cross-referencing the grievance was also made in the log book. *Id.* at ¶6. None of Thomas' purported grievances, however, bear any such date stamps, jail personnel signatures or log book numbers. *Id.* at ¶9. Further, there are no entries in the log book cross-referencing these grievances. *Id.* at ¶10. There simply is nothing on Mr. Thomas' "grievances" to indicate that they were ever received by the jail. Indeed it is Capt. Goodall's conclusion that the grievances attached to Mr. Thomas' Complaint were never submitted to the jail during Mr. Thomas' incarceration. *Id.* at ¶12.

Thus, not only has Mr. Thomas failed to allege that he exhausted all available administrative remedies as required by Va. Code § 8.01-243.2, but the purported grievances on

which he attempts to rely appear to be fabrications that were never submitted to the jail and may not now be relied upon to satisfy the pleading requirement.

II.     The State Law Negligence Claim in Count III is Also Time-Barred.

In addition to requiring inmates to exhaust administrative remedies before filing suit, Va. Code § 8.01-243.2 also imposes a statute of limitations on such state law claims. *Lucas*, 287 Va. at 361, 756 S.E.2d at 449-50. Specifically, such actions must be brought "within one year after the cause of action accrues or within six months after all administrative remedies are exhausted, whichever occurs later." Va. Code § 8.01-243.2; *Reid v. Newton*, No. 3:13-cv-572, 2014 U.S. Dist. LEXIS 52072, *36 (E.D. Va. Apr. 14, 2014) (stating "[t]his one year statute of limitations applies to 'actions seeking damages for personal injuries when the victim is the party-plaintiff'.").

Here, the date of Mr. Thomas' alleged injury was February 19, 2012. Compl. ¶¶38-39. Because Mr. Thomas did not actually file any grievances or allege that he exhausted all administrative remedies, the one-year statute of limitations provision of Va. Code § 8.01-243.2 applies.[1] Thomas' Complaint was not filed until February 19, 2014, two years after his injury. *Sees* Summons and Civil Cover Sheet, attached as Exhibit B. His state law medical negligence claim in Count III of the Complaint is therefore time-barred and should be dismissed with prejudice. *See, e.g.*, *Trisler v. Prison Health Servs.*, No. 3:11-cv-343, 2013 U.S. Dist. LEXIS 27827, *4-6 (E.D. Va. Feb. 28, 2013) (dismissing state law claim as time-barred by the one-year statute of limitation in Va. Code § 8.01-243.2); *Alexander v. Gilmore*, 202 F. Supp. 2d 478, 481 (E.D. Va. 2002) (same).

---

[1] Even if the Court were to consider the last grievance purportedly filed by Mr. Thomas on March 3, 2012 to be the date of exhaustion of available administrative remedies, the one-year statute of limitations would still apply because Va. Code § 8.01-243.2 applies the longer of the two available limitations periods to a plaintiff's claim.

Conclusion

Count III of Mr. Thomas' Complaint should be dismissed with prejudice because he failed to plead that he had exhausted all available administrative remedies before filing this lawsuit and, instead, appears to have submitted fabricated grievances in support of his claim. Count III also should be dismissed with prejudice because it is time-barred.

WHEREFORE, for the foregoing reasons, Correct Care Solutions, LLC requests that the Court grant its motion to dismiss Count III of the Complaint with prejudice.

CORRECT CARE SOLUTIONS, LLC


/s/

Edward J. McNelis, III (VSB No. 34003)
emcnelis@rawlsmcnelis.com
Grace Morse Brumagin (VSB No. 75957)
gbrumagin@rawlsmcnelis.com
Glen H. Sturtevant, Jr. (VSB No. 73458)
gsturtevant@rawlsmcnelis.com
RAWLS MCNELIS + MITCHELL, P.C.
211 Rockets Way, Suite 100
Richmond, VA 23231
Telephone: 804.344.0038
Facsimile: 804.782.0133
*Counsel for Correct Care Solutions, LLC*

CERTIFICATE OF SERVICE

I certify that on September 29, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

David Paul Morgan
dmorgan@cravensnoll.com
Michael Perdue
mperdue@cravensnoll.com

J. Thompson Cravens
jcravens@cravensnoll.com
CRAVENS & NOLL, P.C.
9011 Arboretum Pkwy, Suite 200
Richmond, VA 23236
Telephone: 804.330.9220
Facsimile: 804.330.9458
*Counsel for Plaintiff*

                                               /s/
                                    Grace Morse Brumagin (VSB No. 75957)
                                    gbrumagin@rawlsmcnelis.com
                                    RAWLS MCNELIS + MITCHELL, P.C.
                                    211 Rockets Way, Suite 100
                                    Richmond, VA 23231
                                    Telephone: 804.344.0038
                                    Facsimile: 804.782.0133
                                    *Counsel for Correct Care Solutions, LLC*