UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| SIR EDWARD THOMAS, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:14-cv-581-REP |
| | ) |
| CORRECT CARE SOLUTIONS, LLC, | ) |
| | ) |
| Defendant. | ) |

## CORRECT CARE SOLUTIONS, LLC'S
## BRIEF IN SUPPORT OF MOTION FOR SANCTIONS

CORRECT CARE SOLUTIONS, LLC ("CCS"), pursuant to Local Rule 7, submits this brief in support of its motion for sanctions.

### Introduction

This is a medical negligence action arising out of medical care provided by CCS to Mr. Thomas during his incarceration at the Richmond City Jail. Thomas fabricated grievance documents that were then attached as exhibits to his Complaint in an attempt to support one of his causes of action. CCS uncovered Thomas' fraud and moved to dismiss that cause of action, in part, on the basis of the counterfeit grievances. CCS now moves the Court to dismiss Thomas' Complaint with prejudice as a sanction for his attempt to perpetrate a fraud on CCS, his counsel and the Court, and to award CCS its attorneys' fees and costs incurred as a result of Thomas' fraud.

CCS wishes to make clear that there is no averment in this motion suggesting that Thomas' counsel was involved in Thomas' fabrication of the grievances. This motion is directed at Thomas personally and not at his attorney.

## Background

Mr. Thomas was incarcerated at the Richmond City Jail from October 2011 to April 2012. Compl. ¶14. He alleges that during the entire month of February 2012, CCS did not give him his prescription medications. *Id.* at ¶¶38-39. He claims that this led to him falling out of his bed and onto his toilet, causing him to sustain soft-tissue injuries. *Id.* at ¶¶38-39, 59.

One of the counts in Thomas' Complaint was a state law medical negligence claim for this purported negligence by CCS. *Id.* at ¶¶80-90. Because Virginia law requires that inmates exhaust all available administrative remedies before filing suit, Thomas submitted with his Complaint three purported grievance records in an apparent attempt to satisfy this requirement. *See* Compl. Exhs. 11, 15 & 26.

CCS learned during its investigation, however, that the grievances had never been submitted to jail personnel as required to satisfy the "exhaustion of administrative remedies" requirement. Instead, the grievances were fabricated by Thomas after the fact simply to support his cause of action. *See* Aff. of D. Goodall (Sept. 25, 2014), attached as Exhibit A. CCS, therefore, filed a motion to dismiss Thomas' state law claim, in part, on the grounds that his counterfeit grievances failed to satisfy the pleading requirement that he allege he exhausted all administrative remedies.

Because Thomas fabricated evidence in an effort to mislead CCS, his own counsel and the Court, his Complaint should be dismissed with prejudice and the Court should order Thomas to reimburse CCS for its attorneys' fees and costs incurred as a result of Thomas' fraud.

Argument

I. <u>Dismissal of the Complaint is the Appropriate Sanction for Thomas' Fraud on the Court.</u>

It is well settled that "[w]hen a party deceives a court or abuses the process at a level that is utterly inconsistent with the orderly administration of justice or undermines the integrity of the process, the court has the inherent power to dismiss the action." *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 462 (4th Cir. 1993).

The Fourth Circuit has described this inherent power as follows:

> Due to the very nature of the court as an institution, it must and does have an inherent power to impose order, respect, decorum, silence, and compliance with lawful mandates. This power is organic, without need of a statute or rule for its definition, and it is necessary to the exercise of all other powers. . . . Under the inherent power, a court may issue orders, punish for contempt, vacate judgments obtained by fraud, conduct investigations as necessary to exercise the power, bar persons from the courtroom, assess attorney's fees, *and dismiss actions*.

*Id.* (emphasis added). "The policy underlying this inherent power of the courts is the need to preserve the integrity of the judicial process in order to retain confidence that the process works to uncover the truth." *Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001).

The Fourth Circuit requires consideration of six factors in assessing whether to dismiss a complaint as a sanction for misconduct pursuant to the trial court's inherent power:

> (1) the degree of the wrongdoer's culpability; (2) the extent of the client's blameworthiness if the wrongful conduct is committed by its attorney . . . ; (3) the prejudice to the judicial process and the administration of justice; (4) the prejudice to the victim; (5) the availability of other sanctions to rectify the wrong by punishing culpable persons, compensating harmed persons, and deterring similar conduct in the future; and (6) the public interest.

*Shaffer*, 11 F.3d at 462-63. Importantly, "the benefit of any doubt must be resolved" in favor of the victim of the fraud. *Id.* at 463.

There is no suggestion here of attorney involvement; thus, the second factor is not at issue. Each of the remaining factors, however, favors dismissal of Thomas' Complaint.

3

First, Thomas is clearly culpable for his fabrication of the grievances. He knowingly forged purported evidence and submitted it to the Court in an effort to defraud the Court, his counsel and CCS to gain advantage in this litigation. "It is difficult to imagine conduct that is more worthy of being considered litigation misconduct or more worthy of sanction than spoliation of evidence in anticipation of litigation because that conduct frustrates, sometimes completely, the search for truth." *Samsung Elec. Co. v. Rambus Inc.*, 439 F. Supp. 2d 524, 535 (E.D. Va. 2006). Here, rather than spoliating evidence, Thomas fabricated evidence out of whole cloth in an attempt to support his allegations that he put CCS on notice of his purported medical issues. His fabrication of the grievances was intentional and indisputably dishonest. This high degree of culpability warrants the dismissal of Thomas' Complaint.

Second, the primary function of the legal process—to uncover the truth—is undeniably prejudiced when litigants are deceitful. CCS—the victim of Thomas' fraud—is likewise prejudiced for the very same reasons. Indeed, this case depends on truthful allegations and proof, which are essential to the jury's determination of what caused Thomas' purported injuries and whether CCS is liable for them. The Court simply cannot overlook Thomas' deception and conduct that are entirely inconsistent with the administration of justice. Both the Court and CCS must now question each statement made by Thomas and every document produced by him. Such prejudice to the judicial process and to CCS warrants the dismissal of Thomas' Complaint.

Third, other sanctions will fail to adequately address Thomas' conduct and the effects it has on this litigation. While CCS has uncovered some of Thomas' deceit, the process depends on the parties' truthfulness. That process has been tainted by Thomas' misconduct. "[O]nce a litigant chooses to practice fraud, that misconduct infects his cause of action, in whatever guises it may subsequently appear." *Liva v. County of Lexington*, No. 91-2337, 1992 U.S. App. LEXIS

18140, *4 (4th Cir. Aug. 6, 1992). If any sanction short of dismissal is imposed, the Court and CCS will be forced to investigate everything said and done by Thomas during the remainder of this litigation to ensure that it is not just another attempt to deceive the Court and CCS. Imposing other sanctions simply provide no assurance of Thomas' honesty or protection from his deceit. Indeed, permitting this litigation to proceed would only incentivize some litigants, including Thomas, to take the risk of manufacturing evidence because they would have everything to gain and very little to lose if they were to receive only a relatively minor sanction while their lawsuit was allowed to continue on. The inadequacy of other sanctions to rectify Thomas' dishonesty and to deter future misconduct therefore warrants the dismissal of his Complaint.

Lastly, a dismissal is in the public interest. "Our adversary system for the resolution of disputes rests on the unshakable foundation that truth is the object of the system's process which is designed for the purpose of dispensing justice." *Shaffer*, 11 F.3d at 457. "Even the slightest accommodation of deceit or a lack of candor in any material respect quickly erodes the validity of the process." *Id.* "[T]ampering with the administration of justice . . . involves far more than an injury to a single litigant." *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246 (1944). "It is a wrong against the institutions set up to protect and safeguard the public, institutions in which fraud cannot complacently be tolerated consistently with the good order of society." *Id.* Simply put, by fraudulently manufacturing counterfeit evidence, Thomas has foregone any claim he might have had to have this lawsuit decided on its merits. The public interest, therefore, favors the dismissal of his Complaint.

In *Liva v. County of Lexington*, No. 91-2337, 1992 U.S. App. LEXIS 18140 (4th Cir. Aug. 6, 1992), a similar case involving an inmate's attempt to deceive the parties and the court,

5

the Fourth Circuit affirmed the trial court's dismissal of the inmate's complaint as a sanction for his fraudulent misconduct. In that case, the plaintiff alleged that the defendant officers had mistreated him while incarcerated causing him to become paralyzed. *Liva*, 1992 U.S. App. LEXIS 18140 at *1-2. The defendants, however, produced evidence showing that the plaintiff was not paralyzed and that he had sought to suborn perjury from a witness who had seen the plaintiff walking when he claimed that he could not. *Id.* at *2. In affirming the trial court's dismissal of the complaint, the Fourth Circuit noted that a court may exercise its inherent power to dismiss an action "if a party has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice." *Id.* at *3. The evidence demonstrated that the plaintiff was not paralyzed and that he had perjured himself and sought to suborn perjury. *Id.* at *4. This "deliberately planned and carefully executed scheme to defraud" the court was therefore sufficient for the trial court to properly dismiss the plaintiff's complaint. *Id.*

In *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1117 (1st Cir. 1989), cited as persuasive by the Fourth Circuit in *Liva* and *Shaffer*, the First Circuit Court of Appeals affirmed the dismissal of a complaint in a case virtually identical to this one. In that case, the plaintiff fabricated a counterfeit purchase agreement, which he attached as an exhibit to his complaint. In affirming the trial court's dismissal, the appellate court pointed out that the plaintiff had "fabricated the purchase agreement [and] gave it to his lawyer" to be annexed to the complaint "thus representing it to be authentic." *Id.* at 1118. The court reasoned that "[t]he only conceivable reason for [the plaintiff's] elaborate duplicity was to gain unfair advantage" and therefore "this gross misbehavior constituted fraud on the court." *Id.* at 1118-19. The First Circuit, thus,

upheld the trial court's dismissal of the plaintiff's complaint based on the fabrication of the counterfeit document to support the plaintiff's claim. *Id.* at 1122.[1]

Here, as in *Liva* and *Aoude*, Thomas has fabricated and counterfeited evidence for the deceitful purpose of supporting his claims and to gain advantage over CCS in this litigation. Simply because CCS uncovered some of Thomas' misrepresentations should not save his Complaint. Without the dismissal of his Complaint, CCS will be forced to rely on Thomas to be honest through the course of this litigation. Yet, he has already proven early on that he cannot be trusted. CCS, therefore, requests that the Court not condone this conduct and dismiss Thomas' Complaint with prejudice.

II.   <u>CCS Should be Awarded its Attorneys' Fees and Costs.</u>

The Court should also award CCS its fees and costs that is has incurred as a result of Thomas' fraudulent conduct. Pursuant to its inherent powers, "[a] court may assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991). Thus, "if a court finds that fraud has been practiced upon it, . . . it may assess attorney's fees against the responsible party." *Id.* at 46.

---

[1] As in *Liva* and *Aoude*, "federal case law is well established that dismissal is the appropriate sanction where a party manufactures evidence [that] purports to corroborate its substantive claims." *Vargas v. Peltz*, 901 F. Supp. 1572, 1581 (S.D. Fla. 1995) (dismissing complaint where plaintiff introduced fabricated evidence); *Smith v. Cessna Aircraft Co.*, 124 F.R.D. 103 (D. M.D. 1989) (dismissing claim for lost income because plaintiff falsified discovery); *Yanez v. Am. W. Airlines*, 2004 U.S. Dist. LEXIS 20706 (D. Md. Oct. 13, 2004) (dismissing claim where plaintiff provided false testimony and hid relevant evidence); *Archibeque v. Atchison, Topeka, and Santa Fe Ry.*, 70 F.3d 1172 (10th Cir. 1995) (affirming dismissal for failure to identify prior injury); *Nichols v. Klein Tools, Inc.*, 949 F.2d 1047 (8th Cir. 1991) (dismissing claim where plaintiff lied about material fact); *Chemtall Inc. v. Citi-Chem, Inc.*, 992 F. Supp. 1390 (S.D. Ga. 1998) (granting judgment against plaintiff for perjury); *Pope v. Fed. Express Corp.*, 974 F.2d 982 (8th Cir. 1982) (affirming dismissal for forgery of document); *Green v. Mayor and City Council of Baltimore*, 198 F.R.D. 645 (D. Md. 2001) (dismissing complaint for forged signatures).

CCS has had to incur significant costs and attorneys' fees in uncovering Thomas' fraud and in defending itself from Thomas' deceit. Thus, the Court should further sanction Thomas by ordering him—not his counsel—to personally reimburse CCS its reasonable attorneys' fees and costs to make CCS whole.

## Conclusion

For the foregoing reasons, the Court should dismiss Thomas' Complaint with prejudice because of his fraud and award CCS its fees and costs.

> CORRECT CARE SOLUTIONS, LLC
>
> /s/

Edward J. McNelis, III (VSB No. 34003)
emcnelis@rawlsmcnelis.com
Grace Morse Brumagin (VSB No. 75957)
gbrumagin@rawlsmcnelis.com
Glen H. Sturtevant, Jr. (VSB No. 73458)
gsturtevant@rawlsmcnelis.com
RAWLS MCNELIS + MITCHELL, P.C.
211 Rockets Way, Suite 100
Richmond, VA 23231
Telephone: 804.344.0038
Facsimile: 804.782.0133
*Counsel for Correct Care Solutions, LLC*

CERTIFICATE OF SERVICE

I certify that on November 13, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

David P. Morgan
davidm@mrslawfirm.com
MARCARI RUSSOTTO
SPENCER & BALABAN, P.C.
1 Park West Circle, Suite 101
Midlothian, VA 23114
Telephone: 804.307.6584
*Counsel for Plaintiff*

                                                                 /s/
Glen H. Sturtevant, Jr. (VSB No. 73458)
gsturtevant@rawlsmcnelis.com
RAWLS MCNELIS + MITCHELL, P.C.
211 Rockets Way, Suite 100
Richmond, VA 23231
Telephone: 804.344.0038
Facsimile: 804.782.0133
*Counsel for Correct Care Solutions, LLC*