UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

SIR EDWARD THOMAS

v.  Case no. 3:14-cv-581-REP

CORRECT CARE SOLUTIONS, LLC

**OPPOSITION BRIEF TO MOTION FOR SANCTIONS**

COMES NOW the plaintiff, by counsel, responding and objecting to the defendant's Motion for Sanctions and in support thereof states as follows:

1) The defendant, in its background recitation of the background of this case, alleges that it learned that "the grievances had never been submitted to jail personnel….[i]nstead the grievances were fabricated by [the plaintiff]."

2) In addition, and in support of that assertion, the defendant maintains that, in his response to the Motion to Dismiss (Document 7 dated October 15, 2014) the undersigned agreed with this assertion, and also that the affidavit of Daniel Goodall proves that the plaintiff fabricated his grievances.

**Defense Argument that Plaintiff's Counsel Agreed
That the Plaintiff Fabricated Evidence**

3) First, and with respect to the defendant's assertion that the undersigned agreed with the defendant that the plaintiff fabricated his evidence, that allegation is not supported by the facts.

4) The defense supports this with the plaintiff's response to the original motion filed by the undersigned with this Court (Document 7 dated October 15, 2014) in which the undersigned states that the legal arguments put forth by the defense were sound;

however, the defense seems to forget that there were two legal arguments put forth by the defendant in its Motion to Dismiss; the defense of the statute of limitations on Count II and the defense that there were no grievances filed for Count II.

5) The undersigned counsel is stating herein as an officer of the Court that his statement made in the Response went to the statute of limitations argument only. At no time did the undersigned admit or agree that the plaintiff had not submitted a grievance to the jail or that he fabricated the evidence presented with the Complaint.

**Defense Argument that the Plaintiff Fabricated Evidence**

6) Second, with respect to the allegation in the present motion that the plaintiff fabricated his grievance, it is not only untrue but it is a factual matter for this Court and is not ripe for argument or discussion until the close of discovery and only after an evidentiary hearing.

7) The defense attempts to persuade this Court that the matter is open and shut by depending on the affidavit of Daniel Goodall; however, that is a unilateral affidavit of an employee of the jail who has not been cross-examined and has not been presented with other evidence from the jail's own records. The suggestion by Goodall that because his records do not seem to support the plaintiff's statements that the plaintiff therefore fabricated his evidence is misplaced. For example, before this case was filed, the undersigned attempted to retrieve records from that very jail on the plaintiff and was told by jail counsel that they could find no record of the plaintiff even being incarcerated there at the time he claimed.

8) All of the cases submitted by the defense pre-suppose that the misconduct at issue actually took place. In fact, the first case cited by the defense, *United States v. Shaffer*

*Equip. Co.*, 11 F.3d 450 (4th Cir. 1993), belies the defense argument. In *Shaffer* the Environmental Protection Agency brought a CERCLA remediation enforcement action against the defendant for allegedly dumping Polychlorobifenyls (PCB's) into the environment. During the trial the EPA and AUSA supported their case with testimony from an EPA expert/employee. During the course of the case it became clear that the AUSA and EPA knew that the testimony was not as honest as it otherwise could have been and that their employee/expert had lied to the Court. The plaintiff filed a motion for sanctions, as here. The Fourth Circuit observed:

> "After receiving the relevant documents about the charges, ***the district court conducted a two-day hearing directed largely to receiving the testimony of the attorneys involved.*** Based on conduct that began in September 1991 and which continued through January 1992, the court found that the government's attorneys repeatedly and deliberately violated their duty of candor to the court by failing to disclose Caron's misrepresentations, by obstructing defendants' efforts to discover them, and by continuing the litigation and filing court papers dependent on an administrative record developed largely by Caron." *Id.* at 454. (emphasis added)

9) Each of the other cases cited by the defense were decided after evidentiary hearings or after discovery had been completed. This should be the case here.

10) Exhibit A is an affidavit by the plaintiff wherein he lays out a detailed timeline of the conversations and complaints he made to each individual about the conditions of his confinement and the medical care he received while at the Richmond City Jail. This affidavit is directly contrary to Goodall's allegation that the plaintiff never did anything to complain about the conditions of his confinement or his medical care.

11) At best this is a factual dispute between the parties and should not be dealt with by a Motion for Sanctions or a Motion for Summary Judgment until at least after discovery has closed.

ACCORDINGLY, the plaintiff objects to the Motion for Sanctions and asks this Court to deny the motion and allow this case to move into discovery and ultimately to trial.

SIR EDWARD THOMAS

/s/David P. Morgan, Esq. (VSB #70211)
Marcari, Russotto, Spencer & Balaban, P.C.
1 Park West Circle, Suite 101
Midlothian, VA 23114
(804) 378-3039
(804) 378-6037 Facsimile
davidm@mrslawfirm.com

## CERTIFICATE

I certify that I delivered a copy of this Opposition Brief to Motion for Sanctions to all parties in this case by way of this Court's ECF/NEF system on November 26, 2014.

/s/David P. Morgan, Esq. (VSB #70211)
Marcari, Russotto, Spencer & Balaban, P.C.
1 Park West Circle, Suite 101
Midlothian, VA 23114
(804) 378-3039
(804) 378-6037 Facsimile
davidm@mrslawfirm.com