UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| SIR EDWARD THOMAS, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:14-cv-581-REP |
| | ) | |
| CORRECT CARE SOLUTIONS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

CORRECT CARE SOLUTIONS, LLC'S
REPLY BRIEF IN SUPPORT OF MOTION FOR SANCTIONS

CORRECT CARE SOLUTIONS, LLC ("CCS"), pursuant to Local Rule 7, submits this reply brief in support of its motion for sanctions.

I.  Mr. Thomas' Opposition is Untimely and Should be Stricken.

Mr. Thomas filed his opposition to CCS' motion for sanctions late. His opposition should therefore be stricken. Specifically, CCS filed its motion for sanctions on November 13. Pursuant to Local Rule 7, Thomas' opposition was due 11 days later on November 24. Thomas, however, failed to file any opposition until November 26—two days late and 13 days after CCS filed its motion. He never sought leave to file an untimely opposition. This Court has local rules in place for a purpose and the Court has the inherent authority to manage its own docket and to ensure compliance with the local rules. Accordingly, the Court should strike Thomas' untimely opposition to CCS' motion for sanctions and grant its motion as unopposed.

II. Mr. Thomas' Affidavit Further Compounds His Truth-Telling Problems and Mandates the Dismissal of His Complaint.

Thomas' opposition relies upon an affidavit that Thomas apparently prepared himself. The affidavit appears to contain information taken from a journal that Thomas purportedly kept

while in jail. Thomas relies on these journal entries in the hopes of creating a factual dispute about whether or not he forged the grievances that he attached to his Complaint.

The problem for Thomas, however, is that the purported grievances are never once mentioned in the affidavit. Indeed, Thomas' affidavit completely fails to mention anything about the December 23, 2011 grievance or the February 9, 2012 grievance that he attached to his Complaint—the same grievances that the jail records custodian avers were never received by the jail, are not among its files and which fail to bear any marks of authenticity. In other words, Thomas has doubled-down on his position that he submitted the grievances in question, but his affidavit—which purportedly contains information contemporaneously recorded while Thomas was incarcerated—completely fails to mention anything about those very affidavits that CCS contends were forged.

The only reasonable conclusion that can be drawn from this is that Thomas fabricated the grievances after the fact to support his cause of action as evidenced by the failure to mention those grievances in his contemporaneously recorded journal. The Court, therefore, should grant CCS' motion for sanctions and dismiss Thomas' Complaint with prejudice.

III.  The Court Should Hold an Evidentiary Hearing If There is Any Question About the Authenticity of Thomas' Forged Grievances.

If the Court has any question about the veracity of Thomas' averments or his fabrication of the grievances, the Court should hold an evidentiary hearing on CCS' motion. Thomas concedes as much but contends that such a hearing should wait until after the close of discovery. Doing so, however, would needlessly waste the time and resources of the Court, the parties and their attorneys to be forced to go through a protracted discovery phase only to further confirm that the undisputed evidence that CCS has uncovered is in fact founded. Indeed, this issue has now been fully briefed and is ripe for decision. An evidentiary hearing will only require the

testimony of Thomas and the jail records custodian. Such a hearing can be completed in less than two hours. Thus, if the Court is unwilling to dismiss the Complaint on the briefs, CCS requests that the Court schedule an evidentiary hearing in the next 30 to 60 days to resolve CCS' motion.

Conclusion

For the foregoing reasons, the Court should dismiss Thomas' Complaint with prejudice because of his fraud and award CCS its fees and costs.

CORRECT CARE SOLUTIONS, LLC

/s/

Edward J. McNelis, III (VSB No. 34003)
emcnelis@rawlsmcnelis.com
Grace Morse Brumagin (VSB No. 75957)
gbrumagin@rawlsmcnelis.com
Glen H. Sturtevant, Jr. (VSB No. 73458)
gsturtevant@rawlsmcnelis.com
RAWLS MCNELIS + MITCHELL, P.C.
211 Rockets Way, Suite 100
Richmond, VA 23231
Telephone: 804.344.0038
Facsimile: 804.782.0133
*Counsel for Correct Care Solutions, LLC*

CERTIFICATE OF SERVICE

I certify that on December 1, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

David P. Morgan
davidm@mrslawfirm.com
MARCARI RUSSOTTO
SPENCER & BALABAN, P.C.
1 Park West Circle, Suite 101
Midlothian, VA 23114
Telephone: 804.307.6584
*Counsel for Plaintiff*

/s/
Glen H. Sturtevant, Jr. (VSB No. 73458)
gsturtevant@rawlsmcnelis.com
RAWLS MCNELIS + MITCHELL, P.C.
211 Rockets Way, Suite 100
Richmond, VA 23231
Telephone: 804.344.0038
Facsimile: 804.782.0133
*Counsel for Correct Care Solutions, LLC*